Thomas A. Aurelio, J.
This is an action brought by a plaintiff assignee on a trade acceptance drawn by its assignor on itself and accepted by defendant, representing a balance due for machinery sold to defendant. The complaint alleges that the assignor was a corporation organized and existing under the laws of West Germany, having its principal place of business in West Berlin, Republic of West Germany. The motion at bar seeks an order under subdivisions 1 and 2 of rule 107 of the Rules of Civil Practice dismissing the complaint on the grounds that the court does not have jurisdiction of the subject matter of the action and/or plaintiff does not have legal capacity to sue.
The basis of the motion is a contention that the plaintiff’s assignor is a State-controlled enterprise of the German Democratic Republic. In support thereof, the defendant submits a copy of a communication from the Chief of the Economic Affairs section of the United States Mission in Berlin to the Department of State. Plaintiff’s affidavits in opposition state that it has been advised by its assignor that it was founded by residents of the German Democratic Republic under the Limited Liabilities Company Law of 1892 and its founding is permitted in the German Democratic Republic; that it has no office in West Berlin but has concluded contracts with firms in that city and in West Germany; that the negotiations with defendant were carried on in West Germany. The matter was sent to an Official Referee to hear and report with his recommendation on this issue.
It has now been conceded that the said assignor was not a West German corporation but rather an East German corporation. Upon such concession the court cannot recognize the existence of a juridical creature of a government we do not *573 recognize. The court will take judicial notice that the German Democratic Republic is not recognized by our Government. However, even though plaintiff’s assignor would have no right to sue in this court as a corporation since the recognition of that legal entity is barred by the foreign policy of the United States Government, nevertheless it cannot be denied that some organization or group of persons does exist and entered into a commercial transaction with the defendant. If it were clear that this group of people consisted of private citizens unconnected with the unrecognized government, the court is of the opinion that no further question would exist. The foreign policy of the United States Government does not require us to deny that there are people residing in and doing business in a certain geographical area. No prohibition or restriction seems to have been imposed on trading in the items which are the basis of this cause of action. "Where, as here, it has received the benefits of the commercial transaction, it would be inequitable to permit defendant to retain the fruits thereof without compensation. The point made by defendant that it would not be able to enforce a proposed counterclaim against plaintiff’s assignor in an East German court is not well taken. It does have an opportunity to press any claim it may deem advisable in connection "with the subject transaction in this court.
However, overriding foreign policy considerations may make necessary a denial of access to our courts in the event it is determined that the defendant dealt in some form with the unrecognized Government of the German Democratic Republic.
If plaintiff’s assignor is as a matter of fact wholly owned by the so-called German Democratic Republic, it would, by that fact, have no capacity to sue in our court, regardless of its organization. Whether this be so still remains to be determined, since the proof submitted on this issue is inconclusive.
Plaintiff’s contention that a claim of incapacity to sue cannot be set up against him, despite the refusal of recognition, in that he is an American citizen and a resident of the State of New York, is without merit. He can have no greater rights than his assignor.
The subject matter of the contentions urged in support of dismissal under both subdivisions 1 and 2 of rule 107 of the Rules of Civil Practice appears to be identical. It is not that the court does not have jurisdiction of the subject matter, but the question is whether the assignor has capacity to sue and the court will entertain the action.
It appears from defendant’s letter of December 9, 1959, that the sole issue tendered to the Official Referee was the state of *574 organization of the assignor corporation. It is now agreed that it is an East German corporation. Accordingly, the motion to dismiss is denied with leave to defendant to raise the matter by defense in its answer, unless the parties agree to a prior trial of the issues as herein stated, in which event an order will be settled.