Saul S. Streit, J.
This is a motion to strike out the first defense as insufficient in law. That defense, in an action by the assignee of a trade acceptance, accepted by defendant, alleges that plaintiff’s assignor is a corporation organized pursuant to the laws of the government of East Germany, known as the German Democratic Republic, a government not recognized by the United States. It alleges further that plaintiff’s assignor is “ controlled ” by the German Democratic Republic and that it is “ an arm or instrument ’ ’ thereof.
The East German Government itself could not bring suit in the courts of this State (Russian Socialist Federated Soviet Republic v. Cibrario, 235 N. Y. 255). As the Court of Appeals pointed out in the cited case (p. 263): “ to permit it [an unrecognized government] to recover in our courts funds which might strengthen it or which might even be used against our interests would be unwise. We should do nothing to thwart the policy which the United States has adopted ”.
The question presented here is whether an assignee of an unrecognized government may sue in our courts, for the allegations of the defense must be deemed true for the purposes of this motion. To permit such a suit could enable an unrecognized government to thwart our policy of nonrecognition and obtain funds which might be used against our interests. This is clearly true if the assignee is obliged to remit the proceeds of the assigned claim to his assignor. It is likewise true even if there is no such obligation, for the unrecognized government would be able to obtain funds to strengthen it, to our detriment, by selling its clqims against our citizens. The court agrees with the view expressed by Mr. Justice Aurelio (in 24 Misc 2d 571, granting permission to plead the defense) that plaintiff, as *1070 assignee of an unrecognized government, would have no greater right to sue than his assignor.
That the assignment by an unrecognized government would be treated as void and given no force or effect by our courts is clearly indicated by the case of Luther v. Sagor ([1921] 3 K. B. 532), referred to with approval in the opinion of our Court of Appeals in Russian Socialist Federated Soviet Republic v. Cibrario (supra, p. 262). In that case, the Soviet Republic, then unrecognized by Great Britain, had seized the plaintiff’s personalty and sold it to the defendant, who imported it into England. The lower court upheld plaintiff’s suit to recover it from defendant, the Soviet Government’s assignee. It was only because the Soviet Government had thereafter been recognized by Great Britain that the decision below was reversed. It is clear that but for said recognition, the court would have disregarded the assignment of the personalty to the defendant as void, because made by an unrecognized government.
Cases such as McCauley v. Georgia R. R. Bank (239 N. Y. 514) which have permitted an assignee to sue even though the assignor could not sue are clearly distinguishable, for they do not involve a question of an assignment void as against public policy, such as that here presented. Cases permitting a corporation to sue here although its stock may be owned by a nonrecognized government are likewise not in point, for it is here alleged that the corporation which assigned to plaintiff is actually an arm or instrumentality of the unrecognized government — not merely that the government is a stockholder.
For the reasons indicated, this motion to dismiss the first defense is denied.